# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HECTOR L. GARCIA,

            **Plaintiff,**

-vs-                                      **Case No.  6:05-cv-673-Orl-18JGG**

FLEETWOOD LIMOUSINE, INC.,
GHALEB ABURISH,

            **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration for an evidentiary hearing on November 10. 2005 on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS (Doc. No. 16)** |
| **FILED:** | **October 11, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

## I.    THE LAW

### A.    Default Judgment

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules. and that fact is made to appear by affidavit or otherwise. the Clerk enters a default.  Fed. R. Civ. P. 55 (a).   Rule 55 (b)(2) further provides:

In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997), *citing Nishimatsu*, 515 F.2d at 1206. A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987), *citing Nishimatsu*, 515 F.2d at 1206.

## B.     Attorney's Fees and Costs

Under 29 U.S.C. §216(b), employers who violate 29 U.S.C. §207 are liable to the employee affected in the amount of their unpaid overtime compensation, an equal amount of liquidated damages, reasonable attorney's fees, and costs of the action.

## II.   <u>ANALYSIS</u>

Plaintiff Hector Garcia resides in Hernando County, Florida. Garcia seeks to hold Defendants liable for overtime compensation pursuant to the Fair Labor Standards Act. 29 U.S.C. §201, et. seq. Defendant Fleetwood Limousine, Inc. ("Fleetwood") is Florida corporation with its principal place of businesses in Orange County, Florida. (Doc. No. 1 at 1, ¶ 4). Defendant Ghaleb Aburish, who resides in Orlando, Florida. is an officer, director, shareholder. and manager of Fleetwood. (Doc. No. 1 at 2, ¶ 6).

Between April 23, 2003 and April 29, 2005, Garcia worked for Defendants as a bus driver. operating a shuttle bus between various hotels and amusement parks. (Doc. No. 1 at 2, ¶ 9 and Doc. No. 16. Ex. 1 at 1, ¶ 1). Defendants paid Garcia an hourly rate of nine dollars. (Doc. No. 16, Ex. 1 at 1, ¶ 3). During the time Defendants employed Garcia, they never paid him more than nine dollars an hour for any of the hours he worked in excess of forty hours per week. Garcia worked 499 hours of overtime and claims that Defendants owe him $2,245.50 in unpaid overtime compensation (*Id.*)

On May 5, 2005, Garcia brought the present action to recover his unpaid overtime compensation. liquidated damages. attorney's fees, and costs of this action from Defendants for violations of 29 U.S.C. §§ 207 and 215(a)(2) . (Doc. No. 1). On June 22, 2005, Garcia effected service on Fleetwood at its place of business at 5704 Bayside Drive, Orlando, Florida 32819, by service on Ludger Esprance. Fleetwood's Dispatcher Operations Manager. (Doc. No. 8). On August 5, 2005. Garcia effected personal service upon Ghaleb Aburish at his residence at 9343 Southern Breeze Drive. Orlando, Florida 32836, by service on Samih Aburish, Defendant Ghaleb Aburish's

brother. (Doc. No. 12). Fleetwood and Ghaleb Aburish never answered or otherwise responded to Garcia's complaint.

On July 21, 2005, Garcia moved for an entry of clerk's default against Fleetwood. (Doc. No. 10). The Clerk entered default on July 22, 2005. (Doc. No. 11). On September 15, 2005, Garcia moved for an entry of clerk's default against Ghaleb Aburish. (Doc. No. 13). On September 16, 2005, the Clerk entered default. (Doc. No. 14). On October 6, 2005, the Honorable G. Kendall Sharp ordered Garcia to show cause as to why the complaint against the defendants should not be dismissed for failure to prosecute, as Garcia had not moved for default judgment within the sixty days of service as provided in Local Rule 1.07(b). (Doc. No. 15). Garcia filed the instant motion for final default judgment pursuant to Fed. R. Civ. P. 55(b) on October 11, 2005 (Doc. No. 16) and a response to the order to show cause on October 14, 2005. (Doc. No. 18). Upon referral to the undersigned, this Court set an evidentiary hearing and ordered Garcia's counsel to submit to the Court billing records and evidence supporting the hourly rate requested by counsel. (Doc. No. 18).

On November 10, 2005, this Court held an evidentiary hearing on the motion for final default judgment. (Doc. No. 20). Garcia never served the motion for default judgment on Defendants. The Clerk never served the notice of hearing on Defendants. Defendants did not respond to the motion, and did not appear at the hearing. At the hearing, Garcia testified, and the Court heard argument by N. James Turner, Garcia's counsel. The Court considered all of the evidence introduced by Garcia, including the supporting affidavits attached to the instant motion. It is recommended that Garcia's motion for final default judgment be granted.

The District Court has not asked the undersigned to make a determination of the adequacy of Garcia's response to the Order to Show Cause entered on October 6, 2005. (*See* Doc. Nos. 15, 17). Under normal circumstances, including the circumstances in this case, the sixty-day period would require the filing of a motion for entry of default judgment just two weeks after an entry of clerk's default, given that a defendant may not move for entry of clerk's default less than twenty days after service. This calculation assumes that the parties do not agree to and seek an extension of time. Moreover. Local Rule 1.07(b) does not mandate dismissal but rather, makes the case "subject to dismissal."[1]

Having fully considered Garcia's testimony and arguments and the record, there is a sufficient basis in the pleadings for the judgment to be entered against both Defendants as jointly and severally liable. In his testimony at the hearing. Garcia confirmed his statements in his sworn affidavit (Doc. No. 16, Ex. A) that during his employment by Defendants, he worked 499 hours in excess of 40 hours a week and was never paid more than his regular hourly rate of nine dollars an hour.  Garcia also

---

[1] Local Rule 1.07(b) provides that time to apply for final default judgment may be extended by the Court "on reasonable application with good cause shown." At the hearing N. James Turner, counsel for Garcia, explained that he did not move for final default judgment as to Fleetwood immediately after the entry of clerk's default as to Fleetwood on July 22, 2005 because, based on a recent order by the Honorable Karla R. Spaulding denying application for final default judgment by Turner on behalf of a previous client (*See Maldonado v. Land-Ron, Inc.*, 6:04-cv-01771-31KRS at Doc. Nos. 14. 17), Turner believed that service had to be perfected on both Fleetwood *and* Aburish before moving for final default judgment as to Fleetwood or Aburish. As Garcia had difficulty personally serving Aburish, service was not perfected as to Aburish until August 5, 2005. In *Maldonado*, also a case involving allegations of FLSA violations, Judge Spaulding denied without prejudice plaintiff's motion for final default judgment against a defaulting defendant corporation because proceedings with respect to non-defaulting defendants who may have been jointly and severally liable for the plaintiff's damages under the FLSA remained pending. The opinion expressed concern that premature default judgment could result in "inconsistent judgments" with respect to the non-defaulting defendants. (*Id*, Doc. No. 14 at 5).

testified that the individual named in the complaint. Ghaleb Aburish, was substantially in control of the terms and conditions of Garcia's work. The Court finds Garcia's testimony to be credible. The Court, therefore, finds that the named Defendants were statutory employers under the definition in 29 U.S.C. §203(d) and that Defendants have violated 29 U.S.C. §§ 207 and 215(a)(2) by failing to compensate Garcia for work he completed in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed. Accordingly, Garcia is entitled to recover unpaid overtime compensation in the amount of $2,245.50, plus liquidated damages in the amount of $2,245.50. an amount equal to his unpaid overtime compensation. *See* 29 U.S.C. §216(b). The Court calculates the amount of unpaid overtime compensation by multiplying 499. the number of overtime hours Garcia worked, by $4.50, which is half of Garcia's hourly rate.

Pursuant to 29 U.S.C. §216(b), Garcia is also entitled to recover attorney's fees and costs associated with the collection of his unpaid overtime compensation. Garcia seeks to recover $2.310 in attorney's fees and $250 in costs which amounts to the filing fee of this action. Having reviewed the supporting documentation (Doc. No. 16. Exs. 2-3 and Doc. No.19, Ex. 1) and heard testimony by Garcia and argument of counsel, the Court determines that counsel's rates are reasonable, and that counsel worked the requested hours in this case.

Accordingly, it is **RECOMMENDED** that Garcia's motion for final default judgment (Doc. No. 16) against Defendants be **GRANTED**.

It is **FURTHER RECOMMENDED** that Garcia be awarded $2,245.50 in unpaid overtime compensation, $2,245.50 in liquidated damages, and $2,310.00 in attorney's fees and costs, for a total amount of $6,801 against Defendants who are jointly and severally liable.

It is **FURTHER ORDERED** that the Clerk of Court shall serve copies, by registered mail, of this Report and Recommendation, the Motion for Entry of Clerk's Default (Doc. No. 10), the Clerk's Entry of Default (Doc. No. 11), and the Motion for Default Judgment Against All Defendants (Doc. No. 16) to: Ghaleb Aburish, 9343 Southern Breeze Drive, Orlando, FL 32836 and Fleetwood Limousine, Inc., 5704 Bayside Drive, Orlando, FL 32819.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida this _28_ day of November, 2005.


James G. Glazebrook
United States Magistrate Judge